## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLUMBIA

ZEEL BHARATBHAI GODHANI,
A-12, Shiv naagar Soc,
Varachha, Surat, Gujarat,
India

                *Plaintiff,*

    *vs.*

UNITED STATES DEPARTMENT OF
STATE,
2201 C Street NW
Washington, DC 20520

                *Defendant.*

Case No.:

**COMPLAINT**

## INTRODUCTION

The United States Department of State is ignoring its own regulatory requirements and wreaking havoc on the plaintiff's life.

The Plaintiff in this case is an applicant for an H-1B visa at the United States consulate in Chennai, India who cannot return to her home in New Jersey because Defendant has not stamped her visa or otherwise taken a final agency action.

## PARTIES

1.    Plaintiff Zeel Bharatbhai Godhani is an information technology professional who has already been found qualified for the H-1B visa by the United States Immigration and Citizenship Service ("USCIS").  She is currently domiciled in Varachha, Surat, Gujarat, India.

2.    She is currently unable to enter to United States and continue her professional career because of bureaucratic intransigence.

1

3.      The United States Department of State ("DOS") is a federal agency whose headquarters are in Washington, D.C. Under the Immigration and Nationality Act ("INA") DOS determines if individuals are admissible to the U.S. prior to granting a visa.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction under 5 U.S.C. § 552 et seq. (FOIA) and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

5.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction). This Court has authority to grant relief under the Declaratory Judgment Act (28 U.S.C. § 2201) and the APA, 5 U.S.C. § 702 *et seq*.

6.      This Court may also compel agency action that is unlawfully withheld or unreasonably delayed, or which is contrary to law, an abuse of discretion, or arbitrary and capricious. 5 U.S.C. §§ 555(b), 706.

7.      Venue in this judicial district is proper under 28 U.S.C. § 1391(e) because Defendant is headquartered in this district.

8.      Plaintiff has exhausted all requisite administrative remedies.

9.      The doctrine of consular non-reviewability does not apply to this case because Plaintiff does not challenge a final decision by a consular officer denying a visa. *See Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry ("Nine Iraqi Allies")*, 168 F. Supp. 3d 268, 290 (D.D.C. 2016) ("[T]he doctrine of consular non-reviewability is not triggered until a consular officer has a made a decision with respect to a

2

particular visa application."). Rather, Plaintiff challenges the agency's delay and refusal to act on her nonimmigrant visa. *Id*.

10. A final decision on Plaintiff's nonimmigrant visa remains a clear, nondiscretionary duty of the State Department. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004); *accord Kaufman v. Mukasey*, 524 F.3d 1334, 1338 (D.C. Cir. 2008); 8 U.S.C. § 1202(d) ("All nonimmigrant visa applications *shall* be reviewed and adjudicated by a consular officer.") (emphasis added).

11. Plaintiff has standing before the Court. Defendant's unlawful refusal to decide and process her nonimmigrant visa has caused and continues to cause Plaintiff a concrete and particularized injury by preventing a final decision on a properly filed, paid for, and approved nonimmigrant visa petition that, once issued, will allow her to lawfully enter the United States as a nonimmigrant H-1B worker.

## STATUTORY AND REGULATORY BACKGROUND

12. The Immigration and Nationality Act ("INA") splits authorities and delegates responsibility to three different federal agencies in the nonimmigrant H-1B visa program: the Department of Labor; Department of State; and USCIS.

13. DOL has the responsibility to set and enforce wages for H-1B workers through the Labor Conditions Application "LCA"). 8 U.S.C. 1182(n)-(p).

14. USCIS is responsible for determining if the H-1B visa petition qualifies as a specialty occupation. 8 U.S.C. 1184(i).

15. DOS is responsible for determining admissibility to the United States using the requirements at 8 U.S.C. 1182(a).

3

16.    After the Department of Labor approves the LCA, the employer may file a petition with USCIS, using Form I-129, to classify the foreign worker as an H-1B nonimmigrant. *See* 6 U.S.C. § 271(b)(5); 8 U.S.C. § 1184(c)(1); 8 C.F.R. § 214.2(h)(1)(i), (2)(i)(A).

17.    USCIS determines if the petition qualifies for a specialty occupation using the three-part test in Section 1184(i):

1.  Does the occupation require a degree in a specific specialty?
2.  Does the occupation require a highly specialized body of knowledge?
3.  Does the employee have both a degree and knowledge?

18.    The INA does not require an employer to establish a need for an H-1B worker in order to qualify for a visa.  Indeed, the INA explicitly anticipates a situation where an employee is "placed in a nonproductive status (for lack of work)." 8 U.S.C. § 1182(n)(2)(C)(vii).

19.    When there is no work to perform, the employer of an H-1B visa holder must either terminate the employment and return the visa to USCIS or continue to pay the employee the wage required on the LCA. *Id.* In short, the INA places all the risks on the employer in the H-1B program.

20.    Nor does the INA or regulation contain a requirement for the employer to establish an ability to pay the salary on the LCA.  See 8 U.S.C. 1101(a)(15)(H), 1182(n), and 1184(i) and 8 C.F.R. 214.2(h).  Rather it places the risk on employers and enforces the wage requirement through the Department of Labor's administrative complaint and hearing process.

21.    An initial approved petition to classify a foreign national in H-1B status may not be granted for a timeframe greater than three years and cannot extend beyond the date requested on the particular visa.  8 C.F.R. § 214.2(h)(9)(iii)(A)(1).

22.     An employer may file a petition to extend the stay of an H-1B nonimmigrant worker beyond the three-year timeframe granted in the employer's initial petition by filing an extension of status petition with USCIS using Form I-129.  8 C.F.R. § 214.2(h)(15)(i), (ii)(B).

23.     In order for a foreign national to enter the United States on an H-1B they must apply for a visa "stamp" from a consulate.  *See* 8 U.S.C. §§ 1201(a)(1)(B), 1202(c); 22 C.F.R. §§ 41.53(a)(2), 41.101(a).

24.     DOL, USCIS and DOS all participate in a common database that gives each access to the LCA, petition and supporting documents, and approval notices.

25.     The foreign national must present the approved nonimmigrant visa to an immigration officer at a port of entry to apply for "admission" to the United States.  *See* 8 U.S.C. §§ 1101(a)(4); 1225(a)(3); 8 C.F.R. § 235.1(a), (f)(1).  Once the foreign national is inspected and authorized by an immigration officer to enter, the foreign national is deemed "admitted" to the United States.  *See* 8 U.S.C. § 1101(a)(13)(A).

26.     An interview with a consular officer is typically required to decide a nonimmigrant visa at the time of the interview.  22 C.F.R. § 41.102(a).

27.     A consular officer "must . . . properly and promptly" process a visa application, 22 C.F.R. § 41.106, and either "'issue' or 'refuse' a completed visa application." 22 C.F.R. § 41.121(a).

28.     While 8 U.S.C. § 1201(g) provides that "[n]o visa ... shall be issued to an alien if ... it appears to the consular officer ... that such alien is ineligible to receive a visa or other such documentation under section 1182," by statute, all immigrant and nonimmigrant "visa applications *shall* be reviewed and adjudicated by a consular officer."  8 U.S.C. §§ 1202(b), (d) (emphasis added).

29.     "When a consular officer knows or has reason to believe a visa applicant is ineligible and refuses the issuance of a visa, he or she must inform the alien of the ground(s) of ineligibility (unless disclosure is barred under INA 212(b)(2) or (3)) and whether there is, in law or regulations, a mechanism (such as a waiver) to overcome the refusal."  22 C.F.R. § 42.121(b)(1).

30.     "The officer shall note the reason for the refusal on the application. Upon refusing the nonimmigrant visa, the consular officer shall retain the original of each document upon which the refusal was based, as well as each document indicating a possible ground of ineligibility, and should return all other supporting documents supplied by the applicant." *Id*.

31.     According to the INA, USCIS determines if a visa petitioner qualifies for an H-1B.  The Department of State determines admissibility.  The two are separate inquiries based on separate and distinct bodies of law.

## STATEMENT OF THE FACTS

### A.  Plaintiff Zeel Bharatbhai Godhani Factual Allegations

32.     Plaintiff Zeel Bharatbhai Godhani is a citizen of India who lawfully entered the United States in February 2021 in F-1 student status.

33.     Plaintiff successfully completed her studies and graduated in August 2022.

34.     Swiztech Inc. filed an H-1B petition on behalf of Plaintiff Godhani.

35.     On March 2023, Plaintiff's H-1B petition was selected in the annual H-1B lottery. United States Citizenship and Immigration Services ("USCIS") approved a change of status from F-1 to H-1B on July 31, 2023, and authorized employment.

36.     On November 29, 2023, Plaintiff traveled to India to visit family.

37.     On February 7, 2024, Plaintiff submitted her passport and supporting documents through the Department of State's Dropbox process to obtain a new H-1B visa stamp. Dropbox is a process created by the Department of State to allow prior visa holders an expedited processing without interviews.

38.     Following the submission, Plaintiff received an INA § 221(g) notice requesting Plaintiff to appear for an in-person interview the U.S. Consulate in Chennai.

39.     Plaintiff appeared for the interview on March 11, 2024.

40.     Following the interview, the Department of State placed Plaintiff's application in administrative processing pursuant to INA § 221(g).

41.     On July 1, 2024, the Department of State returned the underlying H-1B petition to USCIS with a recommendation for revocation.

42.     USCIS did not contact her employer until July 2024, when it sent a notice of intent to revoke ("NOIR"). Because her employer had been unable to employ her in the U.S. for so long the position was no longer available. On November 7, 2025, the petitioning employer requested withdrawal of the petition, and USCIS officially revoked the petition on December 7, 2025.

43.     Plaintiff accepted a new offer of employment with ITMC Pvt. Ltd. in India on March 18, 2024.

44.     On April 18, 2025, Plaintiff's new employer filed a Labor Condition Application for an in-house U.S. project. Subsequently, on June 16, 2025, the employer filed a new H-1B petition on Plaintiff's behalf. USCIS approved the petition in August 2025.

45.     On September 30, 2025, Plaintiff appeared for an H-1B visa interview at the U.S. Consulate in Chennai, India.

46.     At the interview, Plaintiff submitted extensive supporting documentation, including her Indian employment offer letter, U.S. job offer letter, and proof of funding for the U.S. project.

47.     Despite the approval of the underlying H-1B petition and Plaintiff's submission of all requested evidence, the Department of State again placed Plaintiff's visa application in administrative processing under INA § 221(g).

48.     On October 20, 2025, Plaintiff's employer received an employment verification questionnaire from the Kentucky Consular Center (KCC) Fraud Prevention Unit. Plaintiff's employer responded to the request on November 5, 2025.

49.     On December 8, 2025, the U.S. Consulate in Chennai requested additional documentation, including the petitioner's U.S. tax returns for the preceding two years and related Cost of Goods (COGS) Sold documentation.

50.     On December 10, 2025, Plaintiff submitted all requested documents.

51.     Following Plaintiff's submission, the Department of State continued to update the CEAC status but failed to issue a decision on the visa application.

52.     Defendants have failed to provide any substantive update regarding Plaintiff's application.

53.     Plaintiff has repeatedly attempted to obtain information regarding the status of her application through the U.S. Visa Scheduling Portal, congressional inquiries and LegalNet inquiry. Defendant has responded with generic statements indicating that the case remains in administrative processing.

54. As a direct result of Defendants' unreasonable delay, Plaintiff has already lost a prior H-1B employment opportunity and continues to face the risk of losing employment opportunities associated with her currently approved H-1B petition.

55. Plaintiff has suffered significant financial and personal hardship as a result of the prolonged delay.

56. Defendant has failed to adjudicate Plaintiff's visa application within a reasonable period of time despite the approval of the underlying H-1B petition, Plaintiff's full compliance with all document requests, and the absence of any explanation for the prolonged delay.

57. Plaintiff has been vetted and found qualified for working in this field by USCIS. Despite this, defendant has refused to provide her visa stamp.

58. Plaintiff has suffered substantial harm as a result of Defendants' unreasonable delay in adjudicating her visa application. As of June 8, 2026, approximately 251 days have elapsed since Plaintiff's visa interview on September 30, 2025, with no final decision issued.

59. The prolonged delay has caused significant financial hardship and has adversely impacted Plaintiff's career and employment opportunities.

60. Plaintiff has effectively lost approximately nine months of the validity period of her approved petition while awaiting adjudication of her visa application. In addition, Plaintiff continues to endure ongoing uncertainty, emotional distress, and personal hardship resulting from Defendants' failure to timely adjudicate her application.

B. **Plaintiff Zeel Bharatbhai Godhani FOIA Allegations**

   **DOS FOIA Request**

61.     On March 11, 2026, Plaintiff Godhani submitted a FOIA Request to Defendant US Department of State through Secure Release Portal, DOS' online web portal. The request states:

"Dear FOIA Officer, I respectfully request copies of all records maintained by the U.S. Department of State related to my nonimmigrant visa applications, including my F-1 visa issued in December 2020 processed at U.S Consulate General in Mumbai, India and my H-1B visa applications in February 2024 and September 2025 processed at the U.S. Consulate General in Chennai, India. Please conduct the search for responsive records from December 10, 2020 through the present date. I request that the search include all relevant systems, databases, and offices within the Department of State, including but not limited to the Consular Consolidated Database (CCD) and any other systems used to store or process visa application records. Please include, but not be limited to, the following records: • All DS-160 visa application forms and associated records • Visa adjudication records and case processing histories • Consular officer interview notes, adjudication remarks, and internal comments • Refusal worksheets and any documentation related to visa refusals under INA §221(g) • Administrative processing records, including internal status updates and case history logs • Security Advisory Opinion (SAO) requests, communications, and responses • Petition Information Management Service (PIMS) verification records and petition validation notes • Fraud Prevention Unit (FPU) referrals, investigative notes, and related documentation • Records of employer or petition verification conducted by the consulate • Internal communications, memoranda, emails, or correspondence related to my visa applications • Communications between the U.S. Consulate and other U.S. government agencies, including but not limited to USCIS, DHS, CBP, or other relevant entities • Any lookout records, annotations, alerts, or remarks associated with my visa applications • Any records reflecting security, background, or name check reviews conducted in connection with my applications • Any documents, reports, or internal analyses created during the review or adjudication of my applications • Any other records contained in the Consular Consolidated Database (CCD) or other Department of State systems relating to my visa history Name(lastname, Firstname): Godhani, Zeel Bharatbhai Date of Birth: February 1st, 1998 Passport Number: U1147094 If available, please also include records reflecting the current status and processing history of the pending 2025 H-1B visa application. Case number: AA00EYO4W9. I request that all responsive records be provided in electronic format. (Date Range for Record Search: From 12/10/2020 To 03/11/2026)".

62.     The US DOS FOIA Office acknowledged receipt of the request on March 19, 2026, assigning case number F-2026-12897 and stating that it will not be able to respond within

the 20 days provided by the statute due to unusual circumstances. See 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

63.     The request remains status "Assigned for Processing".

64.     Plaintiff Godhani followed up via email on May 12, 2026, regarding the status of the request which had an estimated completion date of April 30, 2026. And received the following response:

> "Hello Zeel Godhani,
> This is in response to your email below regarding case number F-2026-12897.
> This request is in process and has an estimated date of completion (EDC) of February 11, 2027. EDCs are estimates and subject to change. If this request can be completed prior to the EDC, a response will be sent sooner.
> Please be advised that the Department currently has a backlog of FOIA requests and is working through it as quickly as possible. Therefore, there will be a delay in processing requests.
> We apologize for the delayed response and appreciate your continued patience.
> If you have further questions or concerns regarding a FOIA-related matter, you may contact the FOIA Requester Service Center via email at FOIAStatus@state.gov.".

## FIRST CAUSE OF ACTION
**Defendant DOS has failed to comply with the statutory deadline.**

65.     Title 5, Section 552(a)(6)(A)(i) requires federal agencies to provide relevant documents within twenty business days of a request for production.

66.     More than twenty business days have passed.

67.     Plaintiff has exhausted all administrative remedies.

68.     This Court should order the agency to produce responsive records in accordance with Plaintiff's FOIA request.

## SECOND CAUSE OF ACTION
**Department of State's Violation of the APA, 5 U.S.C. §§ 555(b), 706(2)**

69.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

11

70.     Congress requires federal agencies to act "[w]ith due regard for the *convenience and necessity* of the parties or their representatives and within *a reasonable time*, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. 555(b) (*emphasis added*).

71.     The APA defines "agency action" to "includ[e] the whole or a part of an agency rule, order, license, sanction, relief or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

72.     Titled "Scope of Review," APA § 706 provides:

a reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and
(2) hold unlawful and set aside agency action, findings, and conclusions found to be—
    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
    (B) contrary to constitutional right, power, privilege, or immunity;
    (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
    (D) without observance of procedure required by law;
    (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [5 USCS §§ 556 and 557] or otherwise reviewed on the record of an agency hearing provided by statute; or
    (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 USCS § 706.

73.     Defendant has not acted with due regard for the convenience and necessity of Plaintiff.

74.     A consular officer "must . . . properly and promptly" process a visa application, 22 C.F.R. § 41.106, and either 'issue' or 'refuse' a completed visa application. 22 C.F.R. § 41.121(a).

75.     By regulation, "[a] visa can be refused only upon a ground specifically set out in the law or implementing regulations." 22 C.F.R. § 40.6.

76.     Moreover, the consular officer "must inform the alien of the ground(s) of ineligibility (unless disclosure is barred under 8 U.S.C. 1182(b)(2) or (3)) and whether there is, in law or regulations, a mechanism (such as a waiver) to overcome the refusal. The officer shall note the reason for the refusal on the application." 22 C.F.R. § 41.121(b)(1)

77.     Here, Congress has delegated precise roles to federal agencies involved in the H-1B program. DOL is given funding to establish an expertise to carry out its responsibilities for ensuring the proper wages have been paid and working conditions are adequate. Likewise, USCIS is allowed funding (derived from receipts paid for immigration applications) to establish an expertise to evaluate if an occupation requires a highly specialized body of knowledge, a degree in as specific specialty, and if the employee has both the degree and knowledge.

78.     Defendant's sole responsibility in the process is to determine if an applicant is admissible to the United States under the conditions of 8 U.S.C. 1182(a).

79.     To survive an APA challenge, the agency must articulate "a satisfactory explanation" for its action, "including a rational connection between the facts found and the choice made." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2569 (2019) (citation omitted).

80.     The APA thus "sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts." *Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992). "It requires agencies engage in 'reasoned decision-making.'" *Dep't of Homeland Security v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1905 (2020), *quoting Michigan v. EPA*, 576 U.S. 743, 750, (2015).

13

81.     The consular officers' decisions to place Plaintiff in administrative processing and withhold a decision while both already holding the requested evidence in their possession and without providing a reason for why the information is necessary is a paradigm example of arbitrary and capricious decision making that is not in accordance with law and procedure.

82.     Defendant DOS's bureaucratic intransigence shows a lack of respect for their statutory duty to consider the convenience necessary for the issuance of Plaintiff's nonimmigrant visa "properly and promptly."  22 C.F.R. § 41.106.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Assume jurisdiction over this action;

B.     Declare unlawful Defendant's failure to comply with its statutory deadline, conduct an adequate search for the requested records, and failure to disclose the records requested by Plaintiff;

C.      Order Defendants to make a full, adequate, and expeditious search for the requested records;

D.      Order Defendants to expeditiously process and disclose all responsive, nonexempt records or portions of records and to produce indexes justifying the withholding of any responsive records withheld under a claim of exemption;

E.      Enjoin Defendants from improperly withholding requested records;

F.      Order Defendant Department of State to proceed with adjudication of Plaintiff's visa application in accordance with existing law within thirty (30) days;

G.      Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C.  § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

14

H.      Grant such other relief as the Court may deem just, equitable, and appropriate.

Date: June 11, 2026,                                            Respectfully Submitted,

                                                               /s/*Jonathan D. Wasden*
                                                               JONATHAN D. WASDEN
                                                               DDC MS0011
                                                               Wasden Law
                                                               2593 W Torana Dr
                                                               Meridian, ID 83646
                                                               Phone: 843.872.4978
                                                               Email: jon@wasden.law

                                                               Attorney for the Plaintiff

15